IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JOHN COOPER,                           :
                                       :
          Plaintiff                    :      CIVIL NO. 3:CV-13-2154
                                       :
     v.                                :
                                       :      (Judge Conaboy)
                                       :
STATE OF PENNSYLVANIA, ET AL.,         :
                                       :
          Defendants                   :
_____

**MEMORANDUM**
**Background**

     John Cooper, an inmate presently confined at the State
Correctional Institution, Frackville, Pennsylvania (SCI-Frackville)
initiated this pro se civil rights action pursuant to 42 U.S.C. §
1983.  Named as Defendants are the Commonwealth of Pennsylvania,
and two SCI-Frackville officials, Superintendent Tritt and Business
Manager Dorzinsky.  Accompanying the Complaint is a request for
leave to proceed in forma pauperis.  See Doc. 2.  For the reasons
that follow, Plaintiff's action will be dismissed without
prejudice.

     Plaintiff vaguely claims that in 1985 the United States
Supreme Court ordered that he be discharged from prison at the age
of 54.  See Doc. 1, ¶ IV (1).  Cooper lists his year of birth as
being 1958 and indicates that he was to have been discharged "from

1

Farview in 2006" or between October 11, 2012-October 10, 2013.  Id.
at (2).  Cooper additionally requests that the "Business Manager"
(presumably at SCI-Frackville) transfer $2,000.00 to his "exposed"
account and that said official be investigated by the Federal
Bureau of Investigation (FBI).  Id. at (3).

As relief Plaintiff seeks dismissal of his criminal
conviction, a pardon, his immediate release from confinement as
well as compensatory and nominal damages.

### Discussion

When considering a complaint accompanied by a motion to
proceed in forma pauperis, a district court may rule that process
should not issue if the complaint is malicious, presents an
indisputably meritless legal theory, or is predicated on clearly
baseless factual contentions.  28 U.S.C. § 1915(e)(2); Neitzke v.
Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton
Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008).  Indisputably
meritless legal theories are those "in which either it is readily
apparent that the plaintiff's complaint lacks an arguable basis in
law or that the defendants are clearly entitled to immunity from
suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990)
(quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

It is initially noted that these same Defendants and
allegations were included in a prior civil rights action filed by
Cooper which was dismissed as frivolous by this Court.  See Cooper
v. State of Pennsylvania, et al., Civil No.3:CV-13-2153 (Oct. 18,

2013) (Conaboy, J.)

**Habeas Corpus**

As previously discussed by this Court's October 18, 2013
Memorandum and Order, Cooper seeks in part his immediate release, a
pardon, and the dismissal of his underlying criminal conviction.
See Doc. 1, ¶ V.  Inmates may not use civil rights actions to
challenge the fact or duration of their confinement or to seek
earlier or speedier release.  Preiser v. Rodriguez, 411 U.S. 475
(1975).  The United States Court of Appeals for the Third Circuit
has similarly recognized that civil rights claims seeking release
from confinement sounded in habeas corpus.  See Georgevich v.
Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).

The United States Supreme Court in Edwards v. Balisok, 520
U.S. 641, 646 (1997), similarly concluded that a civil rights claim
for declaratory relief "based on allegations ... that necessarily
imply the invalidity of the punishment imposed, is not cognizable"
in a civil rights action.  Id. at 646.  Based on the reasoning
announced in Georgevich and Edwards, Plaintiff's present claims of
illegal confinement and related requests to be released, pardoned
and have his criminal conviction overturned are not properly raised
in a civil rights complaint.  Accordingly, those claims will be
dismissed without prejudice to any right Cooper may have to pursue
said allegations via a federal habeas corpus petition.

**Commonwealth of Pennsylvania**

The United States Supreme Court has ruled that a civil rights

3

action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).  In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court established "that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity" are not subject to civil rights liability in federal court.  Howlett v. Rose, 496 U.S. 356, 365 (1990).  Accordingly, the Commonwealth of Pennsylvania is not a properly named Defendant in this matter.

**Personal Involvement**

Also named as Defendants are SCI-Frackville Superintendent Tritt and Business Manager Dorzinsky.  However, there are no factual allegations set forth in the Complaint which allege that either of those Defendants had personal involvement in any violation of the Plaintiff's constitutional rights.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Federal civil rights claims brought under § 1983 cannot be

premised on a theory of respondeat superior. Rode v.
Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each
named defendant must be shown, via the complaint's allegations, to
have been personally involved in the events or occurrences which
underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton
v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As
explained in Rode:

> A defendant in a civil rights action must have
> personal involvement in the alleged wrongs. . . .
> [P]ersonal involvement can be shown through
> allegations of personal direction or of actual
> knowledge and acquiescence. Allegations of
> participation or actual knowledge and acquiescence,
> however, must be made with appropriate
> particularity.

Rode, 845 F.2d at 1207.

     As noted above, there are no factual assertions set forth
which could support a claim that Superintendent Tritt had any
personal involvement in any acts of constitutional misconduct.
Accordingly, it appears that Cooper is attempting to establish
liability against Superintendent Tritt solely on the basis of his
supervisory capacity within SCI-Frackville. Accordingly, under the
personal involvement pleading requirements of Rode, dismissal will
be granted in favor of Defendant Tritt.

     The Complaint also includes a vague request that the Business
Manager should transfer $2,000.00 to his exposed account and be
investigated by the FBI. Without unnecessary elaboration, this
allegation simply does not include any facts which could support a

claim that Defendant Dorzinsky somehow violated Plaintiff's constitutional rights.  Moreover, this vague assertion regarding a Business Manager simply seems to be part of an imaginary scenario created by Cooper.  Defendants Tritt and Dorzinsky are entitled to entry of dismissal on the basis of lack of personal involvement.

**Heck**

Additionally, in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  <u>Id</u>. at 486-87.

As previously noted, Cooper raises a vague, if not delusional claim that the United States Supreme Court ordered his release over twenty-five years ago in 1985.  Based on the nature of Plaintiff's allegations, a finding in his favor would imply the invalidity of his ongoing state confinement.  There is no indication that Cooper has successfully challenged either his state criminal conviction or the length of his ongoing incarceration.

Pursuant to <u>Heck</u>, Cooper's action to the extent that it seeks an award of monetary damages on the basis of illegal confinement is

6

premature because he cannot maintain a cause of action for an unlawful conviction or an excessive imprisonment until the basis for the conviction and imprisonment is overturned.

## **Res Judicata**

The complex doctrine of <u>res judicata</u> restricts relitigation of issues. <u>Res judicata</u> requires "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." <u>United States v. Athlone Indus., Inc.</u>, 746 F.2d 977, 983 (3d Cir. 1984).

<u>Res judicata</u> precludes a party both from relitigating matters already litigated and from litigating matters that have never been litigated, yet should have been advanced in an earlier suit. <u>Huck v. Dawson</u>, 106 F.3d 45 (3d Cir. 1997) (quoting <u>Julien v. Committee of Bar Examiners</u>, 923 F. Supp. 707, 716 (D.VI 1996)).

The claims presently asserted were among the same allegations which were raised and dismissed by this Court in Plaintiff's earlier action, M. D. Pa. Civil Action No. 3:CV-13-2153. Moreover, the same Defendants are named in both actions. Accordingly, since there was a final judgment on he merits entered in Plaintiff's prior suit, it appears that the doctrine of <u>res judicata</u> precludes further consideration of Plaintiff's pending claims.

## **Conclusion**

Since Cooper's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An

appropriate Order will enter.


                                        S/Richard P. Conaboy
                                        RICHARD P. CONABOY
                                        United States District Judge


DATED: APRIL 7, 2014